### BLOCHMAN BANKING CO. v. BLAKE, Collector.

(Circuit Court, S. D. California. March 8, 1909.)

No. 1,312 (1,969).

CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—MEXICAN "ONYX.

So-called Mexican onyx is dutiable as "onyx," rather than as "marble," under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 114, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 25.*

For other definitions. see Words and Phrases, vol. 6, p. 4982.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below (G. A. 6,519, T. D. 27,846) affirmed the assessment of duty by the collector of customs at the port of San Diego. The opinion filed by the Board of General Appraisers reads as follows:

McCLELLAND, General Appraiser. The merchandise which is the subject of this protest was assessed for duty at the rate of $1.50 per cubic foot under the provisions in paragraph 114 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635]), for "onyx in block, rough or squared." The protesting company claims that it should have been admitted to entry with duty only at the rate of 65 cents per cubic foot under another provision in the same paragraph for "marble in block, rough or squared only." The merchandise is described in the invoice as "148 pieces of onyx," and was so returned by the appraiser. There is no dispute as to the character of the stone. It is Mexican onyx, and is generally so styled in the trade; but the contention of the protesting company is that it is so denominated in the trade simply to distinguish it from other marbles similarly distinguished by names to indicate the localities or countries from whence they came.

Counsel for protestants cites in support of his argument a former decision of the board. G. A. 1,907 (T. D. 13,669). We have carefully examined this case, but fail to find anything in it which can possibly be controlling here. In the first place, it is not clear that the article involved was Mexican onyx. The issue arose under the tariff act of 1890, and appears to have been whether certain blocks of marble, so described on the invoices, and so returned, and so classified, were subject to duty at 65 cents per cubic foot, or entitled to free entry as crude mineral; but, even if we assume that it was in fact Mexican onyx, the conclusion reached that it was properly subject to the rate of duty provided in said act of 1890 (Act Oct. 1, 1890, c. 1244, 26 Stat. 567) for marble in blocks cannot be of influence here, because of the change made by Congress in the tariff provisions for marble.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

In the tariff acts of 1890 and 1894 there was no special provision for onyx, and unquestionably onyx, being a species of marble, was subject, during the existence of these two tariff acts, to the marble rate of duty; but in framing the tariff act of 1897, under which this issue arises, Congress deliberately separated onyx from other classes of marble by making special provision therefor and establishing special rates of duty thereon. As already set forth, the rate of duty on marble in block, rough or squared only, is 65 cents per cubic foot, and for onyx in block, rough or squared only, $1.50 per cubic foot, and for marble or onyx, sawed or dressed, over 2 inches in thickness, $1.10 per cubic foot. Again, in paragraph 115 Congress has distinguished between manufactures of marble and manufactures of onyx, although the same rate of duty is provided for both.

Mexican onyx was well known in trade long before the passage of the act of 1897, and we think there is no escape from the conclusion that it was the deliberate purpose of Congress, in framing paragraphs 114 and 115, to separate onyx from other species of marble and fix definite rates of duty thereon. If it had been the intention to continue the marble rates of duty on Mexican onyx, as distinguished from onyx coming from any other country, it is but reasonable to infer that such exemption would have been specifically made.

We find the merchandise to be onyx, and hold it to be subject to duty at the rate of $1.50 per cubic foot, as assessed. The protest is overruled, and the decision of the collector is affirmed.

Sam Ferry Smith, for importers.
Aloysius I. McCormick, Asst. U. S. Atty., for collector.

WELLBORN, District Judge. Decision affirmed.